Tvelia v. DOC                               CV-03-537-M    02/13/04
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Gerald Tvelia,
        Plaintiff

        v.                                  Civil No. 03-537-M
                                            Opinion No. 2004 DNH 032
Department of Corrections, et al.,
        Defendants


                            **O R D E R**


        On December 11, 2003, pro se plaintiff, a state prisoner,

filed this suit for injunctive relief.[1]  He has named as

defendants several administrators of the New Hampshire Department

of Corrections, and several health professionals who provide

medical services for the State, all in their personal and

official capacities.


        After holding a hearing on plaintiff's request for

preliminary injunctive relief, the Magistrate Judge filed a

Report and Recommendation, recommending that an injunction be

issued in the following terms:

_____

        [1]    Plaintiff's complaint is date-stamped December 15, but
under the "prisoner mail rule" it is deemed to have been filed
when placed in the prison system for mailing - December 11, 2003.

> The Department of Corrections, State of New Hampshire,
> is ordered to immediately and completely provide to
> [plaintiff] the dental care required by the Eighth
> Amendment without regard for cost and to supervise and
> control its employees to prevent them from interfering
> with those constitutional rights and/or from
> retaliating against him for petitioning this court for
> relief.  The Department is further ordered to report
> monthly on the dental care given Mr. Tvelia until his
> treatment is complete.

Report and Recommendation (document no. 13) at 11.

The Magistrate Judge determined that plaintiff, an inmate
with an undeniable history of dental problems, complained of
severe tooth pain in mid-October of 2003, and requested a dental
appointment.  Notwithstanding plaintiff's medical history, his
complaints of severe pain, and his request for medical attention
(which he made through the appropriate prison administrative
process), the prison administration did not respond for sixteen
days.  When administrators did respond, they scheduled an
appointment for plaintiff to see a dentist over five weeks later,
on December 11, 2003.  The Magistrate Judge also found that
despite plaintiff's interim complaints of continuing severe pain,
and additional requests for medical attention, the scheduled
appointment was not expedited and no medical care was afforded to

2

plaintiff prior to the date on which he finally saw a dentist (December 19, 2003).

On December 11, 2003, the day of plaintiff's scheduled appointment, plaintiff waited in his cell in vain; he was not taken for treatment. The prison's Health Services Department records contain an entry for December 11 (apparently incorrectly recorded as "December 10th") as follows: "Shu [Secure Housing Unit] 'too busy' to bring over." Plaintiff says the correctional officers on duty were made aware of his authorized appointment, but deliberately refused to transport him, while affirmatively declaring their indifference to his pain.

Later that day, plaintiff filed his complaint for injunctive relief, and, on December 15, he submitted another inmate request slip seeking medical attention, which finally resulted in an examination on December 19, 2003. That examination confirmed that plaintiff was suffering from continuous pain, had badly infected gums, and required substantial dental work. Ten days later, an oral surgeon extracted the particular tooth that had

3

been causing plaintiff's pain.  Additional dental work has apparently been scheduled.

As of January 27, 2004, the date of the Report and Recommendation, the Magistrate Judge found that plaintiff's pain was continuing.  But, by pleading filed on January 29, 2004, plaintiff says he "is not in any severe pain right now," because the offending tooth was removed.  Plaintiff's "Further Information for the Court" (document no. 15) at para. 3.

In light of the record currently before the court, including the State's objection to the Report and Recommendation, it appears that the circumstances that would have warranted injunctive relief have now been abated, rendering plaintiff's complaint moot, insofar as he seeks only an injunction to obtain medical care for his serious medical needs - needs that included abatement of continuous but avoidable severe pain.  As the Magistrate Judge intimates, plaintiff may well have a meritorious claim for deliberate indifference to his serious medical needs, actionable under 42 U.S.C. § 1983.  But, the pertinent facts have yet to be tried.  And, as required by the Prison Litigation

4

Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), plaintiff must first exhaust available administrative remedies before filing that suit. See Booth v. Churner, 532 U.S. 731 (2001).

Parenthetically, I completely agree with the Magistrate Judge's view that the State is simply incorrect in suggesting that the PLRA prevents prison inmates from seeking prospective injunctive relief to halt the ongoing infliction of physical pain through official deliberate indifference to serious medical needs. Notwithstanding the exhaustion requirements of the PLRA, federal courts still retain the inherent equitable power to enjoin ongoing conduct plainly violative of an inmate's constitutional rights. In this case, plaintiff was hardly required to endure continued physical suffering at the hands of the State while the State's own administrative processes played themselves out. See, e.g., Jackson v. District of Columbia, 254 F.3d 262, 268 (D.C. Cir. 2001) (the district court has inherent power to protect prisoners while they exhaust prison grievance procedures); Leonardo v. Moran, 611 F.2d 397, 399 (1st Cir. 1979) (prisoners need not wait to be assaulted before seeking relief

5

from prison officials' failure to protect them from violence at the hands of other prisoners).

In any event, plaintiff has obtained complete relief from the ongoing constitutional violation he alleged. No doubt his suit precipitated remedial action, but he has in fact obtained complete relief with respect to the condition that had been causing his ongoing physical suffering. And, importantly, he is currently obtaining the medical care to which he is entitled. While he still apparently requires substantial dental work, it is clear that the State is undertaking to provide it. It is equally clear that a normal delivery schedule for that medical care poses no substantial risk of imposing unconstitutional suffering upon plaintiff.

Consequently, it can be said with some assurance, on this record, that there is no reasonable expectation that the prior alleged violation of plaintiff's Eighth Amendment rights will be repeated and that intervening events, since suit was filed, have completely eradicated the effects of that alleged violation (i.e., deliberate indifference to continuous and severe physical

6

pain).  And, it is now certain that defendants are fully informed as to plaintiff's medical condition, as well as their obligations to him under the Constitution.  Once informed of the law's requirements, state officials can be presumed to act in a lawful manner.

In light of the foregoing, the case has become moot.  See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979).  See also Knight v. Mills, 836 F.2d 659 (1st Cir. 1987) (psychiatric patient's suit for declaratory judgment establishing his entitlement to treatment was mooted by the intervening provision of the treatment he sought, where it was not anticipated that the treatment would be terminated).

## Conclusion

Insofar as it seeks specific equitable relief no longer required to abate the alleged ongoing constitutional violation, plaintiff's complaint is now moot.  Accordingly, the Magistrate Judge's Report is accepted, but the Recommendation is no longer applicable.

Plaintiff's "Motion for Immediate Injunctive Relief" (document no. 5) is denied as moot and his complaint (document no. 3) is dismissed, but without prejudice to plaintiff's refiling if, in the course of receiving treatment for the condition complained of, his serious medical needs are met with deliberate indifference resulting in irreparable harm (e.g., severe unaddressed physical pain). In such a case, plaintiff may file a new complaint and the court will waive all filing fees.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 13, 2004

cc:  Nancy J. Smith, Esq.
     Gerald Tvelia

8